CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 25 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ADELSON MICHEL,** | ) | CASE NO. 7:13CV00540 |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **D. B. CREW, WARDEN,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Respondent.** | ) | |

Adelson Michel, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the legality of the sentence imposed on him by this court. Upon review of the record, the court concludes that the petition must be summarily dismissed.

A petition under § 2241, whether challenging the execution or the imposition of a federal sentence, must be brought in the district court with jurisdiction over the petitioner's custodian. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Michel is currently incarcerated at a federal correctional center in Florida. Because he is not confined within the jurisdiction of this court, this court has no jurisdiction over the warden of the Florida facility, who is Michel's current custodian. Therefore, the court has no jurisdiction to address Michel's claims under § 2241.[1]

The court could transfer the petition to the appropriate court in Florida for disposition, if such a procedure were in the interest of justice. See 28 U.S.C. § 1406(a). The court cannot so find in this case, however. Michel's claims challenge the legality of his federal sentence, rather than its execution. Such claims must normally be raised in a motion to vacate, set aside or

---

[1] The court notes that Michel's current claims could be construed as a § 2255 motion and addressed in this district. Michel has already challenged this conviction and sentence under § 2255 in this court, United States v. Michel, 849 F. Supp.2d 649 (W.D. Va. 2012), appeal dismissed, 479 F. App'x 534 (4th Cir. 2012). Thus, if construed as a § 2255 motion, his claims would be barred from review as successive. See 28 U.S.C. § 2255(h).

correct the sentence under 28 U.S.C. § 2255 in the sentencing court. Michel's § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (finding that challenge to federal conviction bared from review under § 2241 absent showing that under post-conviction change in law, petitioner's offense conduct is no longer criminal). Michel's petition fails to state facts on which he could satisfy the Jones standard, as he offers no indication that his offense conduct is no longer criminal. Therefore, the court cannot find it to be in the interest of justice to transfer the petition to a court in Florida. Instead, the court will dismiss Michel's petition for lack of jurisdiction, without prejudice to his submission of an adequate § 2241 petition in the appropriate court. A corresponding final order shall issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 25th day of November, 2013.

_____
Chief United States District Judge